## LUNDBERG v. CITY OF RAYMONDVILLE et al.   (No. 7934.)

Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1927.

Rehearing Denied Nov. 23, 1927.

1. Injunction ⬅225—Defendants, if violating injunction by opening street, held purged of contempt by evidence showing reliance on advice of judge who tried suit.

Defendants, if violating temporary injunction by opening street *held* to purge themselves of contempt by showing that they were not lawyers and relied solely on advice of judge who tried suit that it would not be contempt to open the street.

2. Injunction ⬅232—Order punishing for contempt in opening street contrary to injunction may not require restoration of street to former condition.

Order punishing defendants for contempt in opening street contrary to temporary injunction may not require them to restore street to its former condition; punishment for contempt consisting of either fine or imprisonment or both.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Suit for injunction by A. W. Lundberg against the City of Raymondville and others. From a decree dissolving a temporary injunction, plaintiff appealed, and filed a supersedeas bond, and moves to have defendants punished for contempt of court in violating injunction. Motion dismissed.

Davis E. Decker, of Raymondville, for appellant.

B. S. Wright, of El Campo, and A. B. Crane and Hart & Cogdell, all of Raymondville, for appellees.

FLY, C. J. [1] This is a motion filed in this case, wherein the city of Raymondville and Charles Zollinger and B. F. Watson allege that the city is a municipal corporation and Zollinger and Watson are its commissioners; that appellant, on June 17, 1927, had obtained a temporary writ of injunction against appellees restraining them from going upon, molesting, destroying, or in any manner changing any part of certain premises belonging to him, and from destroying or using the premises as a street. The city claimed that the land was a street, and asked that the temporary writ be dissolved. The cause was tried on its merits, and it was the order of the court that the prayer of the plaintiff "be in all things denied, and the prayer of the said defendant that the temporary injunction theretofore granted be in all things

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dissolved, and the restraints theretofore imposed thereupon in all respects terminated, and the said defendant discharged with its costs." That order was repeated in the decree as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff take nothing by his said suit against the defendant city of Raymondville, and that the temporary injunction heretofore granted herein upon the ex parte application of the plaintiff, and which was by the judge of this court intended to continue in force as a restraining order only, and until the further order of this court made upon a hearing upon the merits, be in all things dissolved, and the restraints obtained by the granting thereof shall upon the entering of this decree terminate and be henceforth of no force and effect."

Appellant gave notice of appeal and filed a supersedeas bond. After perfecting the appeal, it is alleged that appellees removed all obstructions placed in that portion of the street claimed by appellant, which action is claimed to be a violation of the terms of the temporary writ of injunction, and appellant seeks to have them punished for contempt in disregarding the temporary writ of injunction.

The prayer of appellant in his motion is that appellees be punished for contempt and "be required to replace the posts inclosing said premises and restore the land to grade and same condition as it was before they violated said injunction, and that complainant have general and special relief." Appellees answered the charge of contempt, and showed that they had sought the advice of the judge who tried the cause, and that he had told them that it was lawful for them to go ahead and open the street inclosed by appellant, and that they would not be in contempt if they opened the street, and further:

"They say they are not lawyers; that they make no pretense of having a knowledge of the law, and relied solely and only upon the advice of the district judge who tried the case, in whom they had the greatest of confidence, both in his integrity and learning, and in this connection they say to the court there was no willful violation of a court order, if any was done, and was done strictly upon advice of the court."

[2] The answer was verified by affidavit, and its truth is not assailed by appellant. The uncontradicted evidence is sufficient to purge appellees of any contempt of court, if it were true that the temporary injunction was still in full force and effect after it had been dissolved and a supersedeas bond filed by appellant. As the sole object of this motion is to punish appellees for contempt and appellees have absolved themselves from contempt, it follows that there is nothing before this court upon which it can act. It may be stated that a restoration of property to the condition it had been in when the supersedeas bond was filed would not fall within the province of an order punishing for contempt. The punishment for contempt consists of either fine or imprisonment or both.

It is considered to be unnecessary, under the circumstances of the case, to discuss the question as to whether a dissolved temporary injunction can be kept in force by a supersedeas bond given in a case tried on the merits and a perpetual injunction denied. This court does not in any manner commit itself to any such proposition. It is merely deemed not necessary to a proper disposition of the motion.

The motion is dismissed.